UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DECO BAILEY, | ) | CASE NO. 1:11 CV 1904 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| STATE OF OHIO, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

On September 9, 2011, plaintiff *pro se* Deco Bailey filed the above captioned action against defendant the State of Ohio. In the Complaint, plaintiff alleges defendant violated his due process rights under the Fourteenth Amendment when it denied him a preliminary hearing. He seeks monetary relief.

**I. Background**

Plaintiff was arrested on January 18, 2011 for drug-related offenses. He alleges he did not waive his right to a preliminary hearing but that, on May 19, 2011, "he was denied his preliminary hearing and indicted without being allowed to appear and defend in person and with counsel, to review the evidence against him, to demand the nature and cause of the accusation(s) against him

1

to meet witnesses face to face, and to have compulsory process to procure the attendance of witnesses on his behalf in violation of due process of the 14th Amendment of the Constitution of the United States." (Doc. 1). He seeks $500,000 in damages.

Docketing information from the Cuyahoga County Court of Common Pleas indicates plaintiff was indicted on May 19, 2011, and subsequently entered a not guilty plea during his arraignment on May 24, 2011. After a jury trial, he was found guilty of two counts of drug trafficking and one count of tampering with evidence. He was sentenced on August 25, 2011 to three years incarceration. Plaintiff is currently incarcerated at Belmont Correctional Institution.

## II. Standard of Review

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145617 at * 2 (6th Cir. Feb. 1, 2000).

## III. Analysis

The Court finds plaintiff's Complaint must be dismissed. As an initial matter, the State of Ohio is immune from suits for damages. The Supreme Court has consistently held that the Eleventh Amendment confers upon the states sovereign immunity from suits brought by their own citizens. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99 (1984). The states' sovereign immunity may be overcome only by an unequivocally expressed waiver or a clear Congressional intent to abrogate the states' immunity. *Id.* See also *Seminole Tribe of Fla. v. Florida*, 517 U.S.

44 (1996); *Latham v. Office of Atty. Gen. Of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005). The Eleventh Amendment is an absolute bar to the imposition of liability upon the State and its agencies. *Latham*, 395 F.3d at 270; *Bouquett v. Clemmer*, 626 F.Supp. 46, 48 (S.D. Ohio 1985). Because plaintiff has not alleged any applicable waiver of Ohio's Eleventh Amendment immunity, plaintiff's claims are subject to dismissal as a matter of law.

Even if the Court were to consider the merits of plaintiff's claims, his Complaint would nevertheless be dismissed. A prisoner may not raise claims in a civil rights action if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). The holding in *Heck* applies whether plaintiff seeks injunctive, declaratory or monetary relief. *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401 at * 1 (6th Cir. 1998).

Plaintiff herein raises a claim which, if found to have merit, would call into question the validity of his conviction. As such, he must also allege his conviction was declared invalid by either an Ohio state court or a federal habeas corpus decision. He has not done so and his claim is, therefore, subject to dismissal on this ground as well.

## IV. Conclusion

Accordingly, this action is dismissed under section 1915A. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

---

[1] 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."

_/s/ Donald C. Nugent_
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: December 13, 2011